# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br><br>   Plaintiff,<br><br>   v.<br><br>RENTBRO, INC., a Florida corporation,<br><br>DANIEL PESSIN, individually and as an officer or director of Rentbro, Inc.,<br><br>JACOB ENGEL, individually and as an officer or director of Rentbro, Inc.,<br><br>   Defendants. | Case No. 13-cv-1529 |

## COMPLAINT FOR PERMANENT INJUNCTION AND OTHER EQUITABLE RELIEF

Plaintiff, the Federal Trade Commission ("FTC"), for its Complaint alleges:

1. The FTC brings this action under Section 13(b) of the Federal Trade Commission Act ("FTC Act"), 15 U.S.C. § 53(b), to obtain temporary, preliminary, and permanent injunctive relief, restitution, disgorgement of ill-gotten monies, and other equitable relief for Defendants' acts or practices in violation of Section 5(a) of the FTC Act, 15 U.S.C. § 45(a).

## JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331, 1337(a), and 1345, and 15 U.S.C. §§ 45(a) and 53(b).

3. Venue is proper in this district under 28 U.S.C. § 1391(b) and (c), and 15 U.S.C. § 53(b).

## PLAINTIFF

4. The FTC is an independent agency of the United States Government created by statute. 15 U.S.C. §§ 41-58. The FTC enforces Section 5(a) of the FTC Act, 15 U.S.C. § 45(a), which prohibits unfair or deceptive acts or practices in or affecting commerce.

5. The FTC is authorized to initiate federal district court proceedings, by its own attorneys, to enjoin violations of the FTC Act and to secure such equitable relief as may be

appropriate in each case, including rescission or reformation of contracts, restitution, the refund of monies paid, and the disgorgement of ill-gotten monies. 15 U.S.C. §§ 53(b) and 56(a)(2)(A).

## DEFENDANTS

6. Defendant Rentbro, Inc. ("Rentbro") is a Florida corporation with its principal place of business at 1521 La Costa Drive East, Pembroke Pines, Florida 33028. Rentbro transacts or has transacted business in this district and throughout the United States.

7. Defendant Daniel Pessin is an officer or director of Rentbro. At all times material to this Complaint, acting alone or in concert with others, he has formulated, directed, controlled, had the authority to control, or participated in the acts and practices Rentbro set forth in this Complaint. In connection with the matters alleged herein, Defendant Pessin transacts or has transacted business in this district and throughout the United States.

8. Defendant Jacob Engel is an officer or director of Rentbro. At all times material to this Complaint, acting alone or in concert with others, he has formulated, directed, controlled, had the authority to control, or participated in the acts and practices of Rentbro set forth in this Complaint. In connection with the matters alleged herein, Defendant Engel transacts or has transacted business in this district and throughout the United States.

## COMMERCE

9. At all times material to this Complaint, Defendants have maintained a substantial course of trade in or affecting commerce, as "commerce" is defined in Section 4 of the FTC Act, 15 U.S.C. § 44.

## DEFENDANTS' BUSINESS ACTIVITIES

10. Defendants engage in and have engaged in the sending of unauthorized and unsolicited commercial electronic text messages ("text message spam") to the mobile telephones and other wireless devices of consumers throughout the United States.

### Background

11. Many mobile telephone and wireless device service providers operating in the United States (hereinafter "wireless service providers") provide their subscribers with text messaging services. Text messaging services permit the transmission of text messages to

wireless handsets from other wireless handsets, electronic mail accounts, and various Internet applications.

12. To transmit a text message to wireless handsets, a sender transmits the message electronically, either directly or indirectly, through a wireless service provider's text message router, which then transmits the message to the recipient through the wireless service provider's interstate wireless network.

13. Text messaging is used by consumers to stay in touch with business colleagues and associates, customers, family members, and friends. Text messaging is also used by numerous employers, schools, police departments, fire departments, and emergency medical services across the country.

**Defendants' Text Message Spam**

14. Since at least April 2012, and continuing thereafter, Defendants transmitted or arranged for the transmission of at least 42.5 million unsolicited commercial electronic text messages to the wireless handsets of U.S. consumers for the primary purpose of promoting products and services, including purportedly free merchandise, such as $1,000 gift cards to retail companies like Walmart and Target.

15. Many of the unsolicited text messages represent, expressly or by implication, that the consumer receiving the message has won a contest, or has been specially selected to receive a gift or prize. For example, the text messages contain statements such as:

- You have been selected for a $1 000 Walmart Giftcard. Enter Code: """"FREE"""" at http://www.walmart.com/get1nowtoday.biz/ to claim your prize!
- You've been selected for a free $1000 Walmart Giftcard! Enter the code 'FREE' at www.walmart.com.wmrt.biz to get it now. Only 112 left! Text OUT to stop.
- Congratulations your entry in last months drawing won you a FREE $1 000 Target Giftcard! Enter """"612"""" at www.target.com.tltt.biz to tell us where to ship it.

16. The text messages contain a link to a website address. Consumers who click on the address link contained in the messages are transferred to a website operated by Defendants

- 3 -

where consumers are directed to enter the code appearing in the text messages. This website prominently displays images of retail company logos, such Walmart or Target, and reiterates the promise of a free gift card with statements such as:

- Get a $1,000 Walmart Gift Card!

    Receive a **FREE $1,000** Walmart Gift Card

    Please enter your code below

- Get a $1,000 Target Gift Card**!**

    Please enter your code below

The website also includes a counter that purports to show the number of gifts or prizes remaining, such as "15 of 1000 left" or "116 of 1000 left." The counter suggests to consumers that the number of remaining "free" gifts or prizes is limited and that they need to act quickly.

17. When consumers follow the website's direction and enter the code appearing in the text messages, they sometimes receive a message indicating that the code is being "validated," followed by a confirmation that the consumer has a "Winning Code!" and will be sent to "claim [the consumer's] giftcard!" Thereafter, these consumers are taken to one of various websites operated by third parties. Other consumers are taken directly to the third-party website immediately upon entering the code appearing in the text messages. The third party websites reiterate and expand upon the initial promised free merchandise offer.

18. The third party websites, however, require consumers to participate in multiple other offers to qualify for the promised free merchandise. The consumer usually must complete over ten offers. In most cases, completing an offer entails paying money or incurring some other detriment, such as qualifying and applying for credit cards. Some of the offers have free trial periods, but require consumers to participate for a minimum period of time to qualify for the promised free merchandise. Many of these offers also contain negative option components in which consumers who do not cancel will be billed automatically. In addition, to qualify for the promised free merchandise, consumers are required to provide a variety of personal information, including their name, mailing address, email address, date of birth, cell phone number, and home phone number.

19. Defendants' text messages fail to clearly and conspicuously disclose that consumers must incur expenses or other obligations to obtain the promised free merchandise. The text messages also fail to clearly and conspicuously disclose the costs and obligations associated with participating in the third-party promotions, such as applying and qualifying for credit cards.

20. In most instances, it is not possible for a consumer to obtain the promised free merchandise without spending money.

### The Recipients of Defendants' Text Message Spam

21. Many, if not all, of the consumers who received the text message spam sent by Defendants never agreed to be contacted by Defendants.

22. Some of the recipients of Defendants' text message spam have wireless service plans that require them to pay a fixed fee for each text message received by their wireless handsets. Accordingly, such recipients were required to pay a fee for the receipt of Defendants' text message spam.

23. Other recipients of Defendants' text message spam have wireless service plans that allow them a fixed, limited number of text messages per month without charge beyond their monthly service charge, with text messages that exceed the monthly allowance billed on a per-message basis. Accordingly, many such recipients had their monthly allowance of text messages reduced upon receipt of each of Defendants' text message spam.

24. The consumer injury caused by Defendants cannot be reasonably avoided by consumers. Defendants' text message spam is routinely foisted upon consumers without their advance knowledge or permission. Many consumers who have requested that Defendants stop sending them text message spam continued to receive text message spam after making the request.

25. Defendants' text message spam does not create countervailing benefits to consumers or to competition that outweigh the harm caused by their unlawful activity.

## VIOLATIONS OF THE FTC ACT

26. Section 5(a) of the FTC Act, 15 U.S.C. § 45(a), prohibits "unfair or deceptive acts or practices in or affecting commerce."

27. Misrepresentations or deceptive omissions of material fact constitute deceptive acts or practices prohibited by Section 5(a) of the FTC Act.

28. Acts or practices are unfair under Section 5 of the FTC Act if they cause substantial injury to consumers that consumers cannot reasonably avoid themselves and that is not outweighed by countervailing benefits to consumers or competition. 15 U.S.C. § 45(n).

### Count I

29. Through the means described in Paragraphs 14-20, Defendants have represented, directly or indirectly, expressly or by implication, that consumers have won a contest or have been specifically selected to receive a gift or prize that is without cost or obligation.

30. In numerous instances in which Defendants have made the representation set forth in Paragraph 29 of the Complaint, Defendants have failed to disclose or disclose adequately to consumers the material terms and conditions of the offer, including:

    a. that consumers must pay money or other consideration to receive the gift or prize; and

    b. the costs and obligations to receive the gift or prize.

31. Defendants' failure to disclose or disclose adequately the material information described in Paragraph 30 above, in light of the representation described in Paragraph 29 above, constitutes a deceptive act or practice in violation of Section 5(a) of the FTC Act, 15 U.S.C. § 45(a).

### Count II

32. In numerous instances, Defendants' practice of initiating or procuring the transmission of unauthorized or unsolicited commercial electronic text messages to the mobile telephones and other wireless devices of consumers in the United States has caused or is likely to cause substantial injury to consumers that consumers cannot reasonably avoid themselves and that is not outweighed by countervailing benefits to consumers or competition.

33. Therefore, Defendants' practice as described in Paragraph 32 is unfair and violates Section 5 of the FTC Act, 15 U.S.C. §§ 45(a) and 45(n).

## CONSUMER INJURY

34. Consumers have suffered and will continue to suffer substantial injury as a result of Defendants' violations of the FTC Act. In addition, Defendants have been unjustly enriched as a result of their unlawful acts or practices. Absent injunctive relief by this Court, Defendants are likely to continue to injure consumers, reap unjust enrichment, and harm the public interest.

## THIS COURT'S POWER TO GRANT RELIEF

35. Section 13(b) of the FTC Act, 15 U.S.C. § 53(b), empowers this Court to grant injunctive and such other relief as the Court may deem appropriate to halt and redress violations of any provision of law enforced by the FTC. The Court, in the exercise of its equitable jurisdiction, may award ancillary relief, including rescission or reformation of contracts, restitution, the refund of monies paid, and the disgorgement of ill-gotten monies, to prevent and remedy any violation of any provision of law enforced by the FTC.

## PRAYER FOR RELIEF

Wherefore, Plaintiff FTC, pursuant to Section 13(b) of the FTC Act, 15 U.S.C. § 53(b), and the Court's own equitable powers, requests that the Court:

A. Award Plaintiff such preliminary injunctive and ancillary relief as may be necessary to avert the likelihood of consumer injury during the pendency of this action and to preserve the possibility of effective final relief, including but not limited to, temporary and preliminary injunctions, an order preserving assets, and an accounting;

B. Enter a permanent injunction to prevent future violations of the FTC Act by Defendants;

C. Award such relief as the Court finds necessary to redress injury to consumers resulting from Defendants' violations of the FTC Act, including but not limited to, rescission or reformation of contracts, restitution, the refund of monies paid, and the disgorgement of ill-gotten monies; and

      D.      Award Plaintiff the costs of bringing this action, as well as such other and additional relief as the Court may determine to be just and proper.

Respectfully submitted,

DAVID SHONKA
Acting General Counsel

Dated: February 28, 2013

/s/ Joannie T. Wei
Joannie T. Wei
Steven M. Wernikoff
Federal Trade Commission
55 West Monroe Street, Suite 1825
Chicago, Illinois 60603
(312) 960-5634 [telephone main]
(312) 960-5600 [facsimile]
jwei@ftc.gov [email]
swernikoff@ftc.gov [email]

Attorneys for Plaintiff
FEDERAL TRADE COMMISSION